1  SHEPPARD MULLIN RICHTER & HAMPTON LLP
   Paul A. Bost (Cal. Bar No. 261531)
2  1901 Avenue of the Stars, Suite 1600
   Los Angeles, California 90067-6055
3  Telephone:  310.228.3700
   Facsimile:   310.228.3701
4  Email:        pbost@sheppardmullin.com

5  SHEPPARD MULLIN RICHTER & HAMPTON LLP
6  Wook Hwang (*pro hac vice* to be submitted)
   30 Rockefeller Plaza
7  New York, NY 10112
   Telephone:  212.653.8700
8  Facsimile:   212.653.8701
   Email:        whwang@sheppardmullin.com

9  *Attorneys for Plaintiff* ADVANCE
10 MAGAZINE PUBLISHERS INC.

11              UNITED STATES DISTRICT COURT
12              CENTRAL DISTRICT OF CALIFORNIA
13                    WESTERN DIVISION

14
   ADVANCE MAGAZINE                        Case No. 2:25-cv-11579
15 PUBLISHERS INC. d/b/a CONDÉ
   NAST, a New York corporation,           **COMPLAINT FOR:**
16
                                           **(1) TRADEMARK INFRINGEMENT,**
17              Plaintiff,                  **15 U.S.C. § 1114;**
                                           **(2) FALSE DESIGNATION OF**
18         v.                               **ORIGIN, 15 U.S.C. § 1125(a);**
                                           **(3) TRADEMARK DILUTION, 15**
19 TASTY WORK, LLC, a California            **U.S.C. § 1125(c);**
   limited liability company,              **(4) COMMON LAW TRADEMARK**
20                                          **INFRINGEMENT;**
                Defendant.                  **(5) UNFAIR COMPETITION, CAL.**
21                                          **BUS. & PROF. CODE §§ 17200, *ET***
                                           ***SEQ.*; AND**
22                                          **(6) COMMON LAW UNFAIR**
                                           **COMPETITION**
23
                                           **ACTION SEEKING STATEWIDE OR**
24                                          **NATIONWIDE RELIEF**
25

26

27

28

SMRH:4926-9711-0904

Plaintiff Advance Magazine Publishers Inc. d/b/a Condé Nast ("Condé Nast"), for its Complaint against Defendant Tasty Work, LLC ("Defendant"), alleges as follows:

## **INTRODUCTION**

1.      Condé Nast is the owner of *Vogue* magazine, one of the longest-running and widely recognized fashion publications in the world, as well as the VOGUE trademarks that the magazine's tens of millions of print and online readers and the broader public associate exclusively with *Vogue*.  This action arises out of Defendant's unauthorized adoption and use of a mark nearly identical to VOGUE—specifically, DOGUE—as the name of its dog-fashion print and digital magazine. Defendant's deliberate choice of a confusingly similar mark is obviously intended to, and likely to, result in consumer confusion that Condé Nast has endorsed or is affiliated with Defendant's publication and in unwanted association with *Vogue*.

2.      Defendants' own statements firmly establish that Defendant adopted the DOGUE mark precisely because of its similarity to VOGUE, stating on its website that *Dogue* was "inspired by *Vogue*" and publicly proclaiming that *Dogue* "is in style of Vogue."  To amplify this association, Defendant depicts the DOGUE mark in a style similar to the VOGUE mark's iconic stylization and, dispelling any doubt as to its intent, proudly displays photographs on its website of *Dogue* on newsstands next to and surrounded by *Vogue* magazine:



SMRH:4926-9711-0904



3.    Condé Nast has attempted to resolve this matter without judicial intervention, but Defendant has steadfastly maintained that it will not cease use of the DOGUE mark.  Accordingly, Condé Nast has no choice but to commence this action and seek injunctive relief, together with any and all available monetary remedies to deter the type of flagrant infringement and unfair competition in which Defendant has engaged.

## JURISDICTION AND VENUE

4.    This action arises under the trademark laws of the United States, 15 U.S.C. § 1051, *et seq.*, and California statutory and common law.  The Court has original subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.  The Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over claims arising under California law because all of the claims herein arise out of a common nucleus of facts.

5.    Venue is proper under 28 U.S.C. § 1391(b) because, upon information and belief, a substantial part of the events or omissions giving rise to the claims occurred in this District and Defendant is domiciled, does business, and is subject to personal jurisdiction in this District.

SMRH:4926-9711-0904

## THE PARTIES

6.     Condé Nast is a corporation organized and existing under the laws of the state of New York with its principal place of business in New York, New York.

7.     Upon information and belief, Defendant is a California limited liability company with its principal place of business Los Angeles, California and does business in this District and/or in other parts of California.

## FACTUAL BACKGROUND

**A.     Condé Nast's Longstanding Use and Registration of the Famous VOGUE Trademark**

8.     Condé Nast is a global media company, and publishes such well-known publications as *Wired*, *GQ*, *Vanity Fair*, *Allure*, *Glamour*, and, perhaps most famously, *Vogue*.

9.     Condé Nast and its predecessors first adopted VOGUE as the title of a print fashion magazine in 1892 and have operated a corresponding website (www.vogue.com) since at least as early as 1998.

10.     In the 130 years since its first publication, *Vogue* has become, and has long been, the nation's most widely recognized and revered fashion publication and is regularly cited and referred to as the best fashion magazine in the U.S.  The U.S. print and digital editions of *Vogue* magazine are read by approximately 27 million people each month.

11.     The social media accounts associated with *Vogue* and bearing the VOGUE trademark have millions of followers.  For example, as of November 10, 2025: @voguemagazine on Instagram has 51.5 million followers; @voguerunway on Instagram has 10.1 million followers; @vogueweddings on Instagram has nearly 1 million followers; @vogue on Facebook has 12 million followers; @voguemagazine on TikTok has 8.2 million followers; and @voguemagazine on Pinterest has 2.9 million followers.

SMRH:4926-9711-0904

12.    *Vogue* has sustained its position as a leader and authority on defining the culture of fashion beyond its print and digital publications and through videos, podcasts, social media engagement, sponsorships, membership programs, e-commerce, apparel, accessories, textiles, and related goods and services.

13.    Condé Nast owns the trademarks associated with its *Vogue* publication and related ventures, including VOGUE and other VOGUE-formative marks, including, but not limited to, VOGUE.COM, VOGUE BUSINESS, and VOGUE WORLD (the "VOGUE Marks"). Condé Nast owns more than sixty active trademark registrations for the VOGUE Marks with the U.S. Patent and Trademark Office ("PTO"), including, as pertinent to this action, the following incontestable registrations, each of which is valid and subsisting:

| **Mark** | **Reg. No.** | **Reg. Date.** | **Goods and Services** |
|---|---|---|---|
| VOGUE | 125,542 | May 20, 1919 | 16: Magazines |
| VOGUE | 504,006 | November 16, 1948 | 16: Magazine |
| VOGUE | 1,336,659 | May 21, 1985 | 16: Magazine |
| VOGUE.COM | 2,592,452 | July 9, 2002 | 42: Providing fashion and beauty information distributed over television, satellite, wireless and global computer networks |
| VOGUE | 3,069,976 | March 21, 2006 | 44: Providing information about beauty via a global computer network<br><br>45: Providing information about fashion via a global computer network |
| VOGUE | 5,465,148 | May 8, 2018 | 41: Educational services, namely, providing live and online seminars, courses of instruction, exhibitions, workshops and conferences in the field of fashion, garments and textiles; entertainment services, namely, |

SMRH:4926-9711-0904

| Mark | Reg. No. | Reg. Date. | Goods and Services |
|------|----------|------------|--------------------|
|  |  |  | arranging and conducting fashion shows |
| VOGUE | 5,915,018 | November 19, 2019 | 41: Entertainment and education services in the nature of podcasts in the field of fashion, culture, celebrities and lifestyle |

Attached hereto as **Exhibit A** is a schedule of Condé Nast's registrations of the VOGUE Marks with the PTO.

14.    Condé Nast frequently – and famously – uses the VOGUE trademark in the below stylization:



Below is a copy of the cover of the October 2024 issue of *Vogue* magazine reflecting the iconic stylization of the VOGUE trademark:

SMRH:4926-9711-0904

15. The general public instantly recognizes and associates the VOGUE mark with *Vogue* magazine. So widespread is public knowledge of the magazine that *Vogue* was described by book critic Caroline Weber in a December 2006 edition of *The New York Times* as "the world's most influential fashion magazine."

16. Condé Nast has policed unauthorized uses of the VOGUE trademark and marks similar thereto by, *inter alia*, sending cease and desist letters, instituting proceedings before the PTO's Trademark Trial & Appeal Board ("TTAB"), and filing lawsuits for trademark infringement.

17. As a result of Condé Nast's longstanding, widespread, continuous, and exclusive use of the VOGUE mark to identify its goods and services, Condé Nast's ownership of VOGUE registrations on the Principal Register, the high degree of distinctiveness of the VOGUE mark, the significant extent to which Condé Nast is engaging in substantially exclusive use of the VOGUE mark, the significant amount and volume of Condé Nast's sales under the VOGUE mark, the high actual recognition of the VOGUE mark, Condé Nast's extensive advertising and promotion of goods and services offered under the VOGUE mark, and Condé Nast's enforcement of the VOGUE mark, the VOGUE mark has acquired substantial goodwill and reputation and has become famous under 15 U.S.C. §1125(c).

**B.    Defendant and its Infringing DOGUE Mark and *Dogue* Magazine**

18. On information and belief, Defendant is the publisher of *Dogue* magazine, a periodical focusing on dogs, dog fashion, and celebrity dog owners.

19. On information and belief, Defendant distributes *Dogue* digitally via, *inter alia*, its website at www.thedoguemagazine.com, and has sold physical copies of *Dogue* at the newsstand located at 216 S. Beverly Drive, Beverly Hills, CA 90212.

20. On information and belief, Defendant promotes *Dogue* through its aforementioned website, the website on www.cover-dogs.com, and through social media, including the @thedoguemagazine and @coverdogs Instagram accounts.

SMRH:4926-9711-0904

21.    On information and belief, Defendant sells advertising for inclusion in *Dogue* and its social media accounts and also sells merchandise, including dog apparel, bearing the DOGUE trademark.

22.    On information and belief, Defendant selected and adopted the DOGUE mark for the purpose of confusing consumers into believing that the *Dogue* magazine was connected or associated with, or licensed by, Condé Nast.

23.    That Defendant intentionally designed *Dogue* to resemble *Vogue* is unmistakable.  Among other things, Defendant has adopted a stylized DOGUE mark resembling the famous VOGUE logo.  The cover of *Dogue* magazine displays this stylized DOGUE mark in the same manner that Condé Nast displays the stylized VOGUE mark on its magazines, as reflected in the following exemplar *Dogue* cover:



24.    Eliminating any doubt that Defendant has intentionally chosen its stylization to mimic *Vogue*'s—and thereby trade on the goodwill that the VOGUE

-7-

mark has engendered over a century of use—Defendant's founder proudly proclaims on social media (https://www.instagram.com/reel/C9SjmK3Pv1K/) that *Dogue* "is in style of Vogue." Until it was recently edited, Defendant's website (www.thedoguemagazine.com) amplified this association, calling out *Vogue* by name and acknowledging that *Dogue* was "inspired by *Vogue*" and "[c]reated in the style of Vogue":

### Introducing the world's first dog fashion magazine, inspired by Vogue.



DOGUE is the world's first dog fashion magazine celebrating dog fashion and beauty. Launched in 2019, DOGUE is quickly becoming the authoritative bark in the world of canine couture and lifestyle. Created in the style of Vogue, with elevated photography and carefully curated editorial content, DOGUE breaks barriers between human and pet fashion. Its style and design are unprecedented— created for, and by, Millennials.

"We wanted to create a magazine that would redefine dog fashion and offer an escape from the real world," explains Oli Port, Founder and Editor-in-Chief of DOGUE magazine.

"Dog fashion may have existed for a long time, but it definitely reached new heights with Millennials— and again during the pandemic. Modern dog fashion allows people to get creative and play with fashion like never before. In fact, we believe we are now entering what we call the Golden Age of dog fashion," adds Port.



**DOGUE's creative content now appears across print, digital and social media platforms, reaching a worldwide audience of fashion forward, dog-loving humans.**

SMRH:4926-9711-0904

25.    Further amplifying the false appearance of association, Defendant's website is replete with images of issues of *Dogue* placed on newsstands next to issues of *Vogue*, as reflected in the below exemplars:





**C.    Condé Nast's Enforcement of its Rights Against Defendant**

26.    On August 5, 2025, Defendant's application to register the stylized DOGUE mark with the PTO, Ser. No. 97/624867, for "Printed magazines in the field of dog fashion" in Class 16 (the "Application") was published for opposition.

27.    On October 2, 2025, Condé Nast filed a notice of opposition (Opposition No. 91-302129) with the TTAB opposing registration of the Application on the grounds that the DOGUE mark, as set forth in the Application, was likely to cause confusion and likely to dilute the VOGUE mark.  That proceeding is currently pending.

28.    On October 28, 2025, Condé Nast sent Defendant a letter objecting to Defendant's use of its confusingly similar DOGUE mark and the deliberate association Defendant has created with *Vogue* magazine.  By letter sent on October 31, 2025, Defendant refused to cease its unauthorized activity, wrongly claiming that Defendant enjoys priority to use the DOGUE mark and contradicting its own public proclamations to contend that "the marks are distinct in their wording, appearance, and meaning."

29.    Accordingly, over Condé Nast's objections, Defendant continues to intentionally trade on the goodwill, prestige and fame Condé Nast has established with *Vogue* magazine, without Condé Nast's approval or consent.

**FIRST CAUSE OF ACTION**

**(Trademark Infringement in Violation of 15 U.S.C. §§ 1114)**

30.    Condé Nast repeats and realleges each and every allegation of Paragraphs 1 through 29, above, as though fully set forth herein.

31.    Condé Nast has registered many of the VOGUE Marks with the PTO.

32.    Defendant has used in commerce, without permission or authorization, the DOGUE mark in a manner that is likely to cause confusion with respect to the source and origin of Defendant's goods and services and is likely to cause confusion, cause mistake, or deceive purchasers as to Condé Nast's affiliation, connection, or

-10-

association with, or approval or sponsorship of, Defendant, its business, and/or its goods.

33.    Defendant's acts constitute infringement of the VOGUE Marks in violation of 15 U.S.C. § 1114.

34.    As a direct and proximate result of Defendant's wrongful acts, Condé Nast has suffered and continues to suffer and/or is likely to suffer damage to the VOGUE Marks and to its business reputation and goodwill.  Defendant will continue to use, unless restrained, the DOGUE mark and will cause irreparable damage to Condé Nast.  Condé Nast has no adequate remedy at law and is entitled to an injunction restraining Defendant and, as applicable, its officers, members, agents, servants, and employees, and all persons acting in concert with them, from engaging in further acts of infringement.

35.    Condé Nast is further entitled to recover from Defendant the actual damages that Condé Nast has sustained, is sustaining, and/or is likely to sustain as a result of Defendant's wrongful acts.

36.    Condé Nast is further entitled to recover from Defendant the gains, profits, and advantages that Defendant has obtained as a result of its wrongful acts.

37.    Due to the willful nature of Defendant's wrongful acts, Condé Nast is entitled to an award of treble damages and increased profits under 15 U.S.C. § 1117.

38.    Pursuant to 15 U.S.C. § 1117, Condé Nast is also entitled to its costs of suit and to recover its reasonable attorneys' fees because this is an exceptional case.

39.    Pursuant to 15 U.S.C. § 1119, Condé Nast is also entitled to cancellation of the Application.

## <u>SECOND CAUSE OF ACTION</u>

### (False Designation of Origin and Association in

### Violation of 15 U.S.C. § 1125(a))

40.    Condé Nast repeats and realleges each and every allegation of paragraphs 1 through 39, above, as though fully set forth herein.

-11-

41.     Defendant's unauthorized use of the DOGUE mark in conjunction with Defendant's business, Defendant's false designation of origin, and Defendant's false and misleading descriptions and representations of fact, as alleged herein, are likely to cause confusion, cause mistake, or deceive as to the affiliation, connection, or association of Defendant with Condé Nast, or as to the origin, sponsorship, or approval of Defendant's goods or commercial activities by Condé Nast, in violation of 15 U.S.C. § 1125(a).

42.     As a direct and proximate result of Defendant's wrongful acts, Condé Nast has suffered and continues to suffer and/or is likely to suffer damage to the VOGUE Marks and its business reputation and goodwill.  Defendant will continue, unless restrained, to conduct its business and offer products using the DOGUE mark and will cause irreparable damage to Condé Nast.  Condé Nast has no adequate remedy at law and is entitled to an injunction restraining Defendant and, as applicable, its officers, members, agents, servants, and employees, and all persons acting in concert with them, from engaging in further acts of false designation of origin or association.

43.     Condé Nast is further entitled to recover from Defendant the actual damages Condé Nast has sustained, is sustaining, and/or is likely to sustain as a result of Defendant's wrongful acts.  Condé Nast is presently unable to ascertain the full extent of the monetary damages they have suffered and/or is likely to sustain by reason of Defendant's acts of false designation of origin or affiliation.

44.     Condé Nast is further entitled to recover from Defendant the gains, profits, and advantages Defendant has obtained as a result of its wrongful acts.  Condé Nast is presently unable to ascertain the extent of the gains, profits, and advantages Defendant has realized by reason of its acts of false designation of origin or affiliation.

45.     Due to the willful nature of Defendant's wrongful acts, Condé Nast is entitled to an award of treble damages and increased profits pursuant to 15 U.S.C. § 1117.

SMRH:4926-9711-0904

46.     Pursuant to 15 U.S.C. §1117, Condé Nast is also entitled to its costs of suit and to recover its reasonable attorneys' fees because this is an exceptional case.

47.     Pursuant to 15 U.S.C. § 1119, Condé Nast is also entitled to cancellation of the Application.

### THIRD CAUSE OF ACTION

### (Trademark Dilution in Violation of 15 U.S.C. § 1125(c))

48.    Condé Nast repeats and realleges each and every allegation of Paragraphs 1 through 47 above, as though fully set forth herein.

49.    Condé Nast began using the VOGUE mark well before Defendant's alleged first use of the DOGUE mark on November 11, 2019.  The VOGUE mark is inherently distinctive and has acquired distinctiveness through Condé Nast's extensive, continuous, and substantially exclusive use of it.

50.    The VOGUE mark is famous and distinctive within the meaning of 15 U.S.C. §§ 1125(c)(1) and 1127 and, furthermore, became famous well before Defendant's alleged first use of the DOGUE mark on November 11, 2019.

51.    Defendant's use of the DOGUE mark is likely to dilute by blurring the distinctive quality of the VOGUE mark in violation of 15 U.S.C. § 1125(c).

52.    Defendant's acts complained of herein are likely to damage Condé Nast irreparably.  Condé Nast has no adequate remedy at law for such wrongs and injuries. The damage to Condé Nast includes harm to the VOGUE mark and to its goodwill and reputation that money cannot compensate.  Condé Nast is therefore entitled to a preliminary and permanent injunction enjoining Defendant's use of the DOGUE mark in connection with the promotion, advertisement, and sale of any goods or services offered by Defendant.

53.    Due to the willful nature of Defendant's actions, Condé Nast is further entitled to recover from Defendant the actual damages sustained by Condé Nast as a result of Defendant's wrongful acts.  Condé Nast is presently unable to ascertain the

SMRH:4926-9711-0904

full extent of the monetary damages they have suffered by reason of Defendant's acts of dilution.

54.     Due to the willful nature of Defendant's actions, Condé Nast is further entitled to recover from Defendant the gains, profits, and advantages Defendant has obtained as a result of its wrongful acts.  Condé Nast is presently unable to ascertain the extent of the gains, profits, and advantages Defendant has realized by reason of its willful acts of dilution.

55.     Pursuant to 15 U.S.C. § 1117, Condé Nast is also entitled to its costs of suit and to recover its reasonable attorneys' fees because this is an exceptional case.

56.     Pursuant to 15 U.S.C. § 1119, Condé Nast is also entitled to cancellation of the Application.

## FOURTH CAUSE OF ACTION

### (Common Law Trademark Infringement)

57.     Condé Nast repeats and realleges each and every allegation of Paragraphs 1 through 56, above, as though fully set forth herein.

58.     Defendant has used in commerce, without Condé Nast's permission or authorization, the DOGUE mark in a manner that is likely to cause confusion with respect to the source and origin of Defendant's goods and services, and is likely to cause confusion, cause mistake, or deceive purchasers as to Condé Nast's affiliation, connection, or association with, or approval or sponsorship of, Defendant, its business, and/or its goods and services.

59.     Defendant's acts constitute infringement of the VOGUE mark in violation of the common law.

60.     As a direct and proximate result of Defendant's wrongful acts, Condé Nast has suffered and continues to suffer and/or is likely to suffer damage to the VOGUE mark and to its business reputation and goodwill.  Defendant will continue to use, unless restrained, the DOGUE mark and will cause irreparable damage to Condé Nast.  Condé Nast has no adequate remedy at law and is entitled to an

-14-

injunction restraining Defendant and, as applicable, its officers, members, agents, servants, and employees, and all persons acting in concert with them, from engaging in further acts of infringement.

61.    Condé Nast is further entitled to recover from Defendant the actual damages Condé Nast has sustained, is sustaining, and/or is likely to sustain as a result of Defendant's wrongful acts.

62.    Condé Nast is further entitled to recover from Defendant the gains, profits, and advantages Defendant has obtained as a result of its wrongful acts.

63.    As alleged above and according to proof of, *inter alia*, fraud and malice Condé Nast will adduce at trial, Condé Nast is entitled to an award of punitive damages pursuant to Cal. Civ. Code § 3294 in an amount to be proved at trial.

## FIFTH CAUSE OF ACTION

### (Unfair Competition in Violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*)

64.    Condé Nast repeats and realleges each and every allegation of Paragraphs 1 through 63, above, as though fully set forth herein.

65.    By reason of the foregoing, Defendant has been, and is, engaged in unlawful business practices in violation of §§ 17200 *et seq*. of the California Bus. & Prof. Code.

66.    Defendant's acts complained of herein have injured and will continue to injure Condé Nast irreparably.  Condé Nast has no adequate remedy at law for these wrongs and injuries.  The injury to Condé Nast includes harm to the VOGUE mark and to its goodwill and reputation in the marketplace that money cannot compensate. Condé Nast is therefore entitled to:

(a)    injunctive relief restraining and enjoining Defendant and, as applicable, its officers, members, agents, servants, and employees, and all persons acting thereunder, in concert with, or on its behalf, from using the DOGUE mark in connection with the marketing or sale of any goods or services by Defendant; and

-15-

(b)    restitution of Defendant's profits earned from its unauthorized use of the DOGUE mark in which profits Condé Nast has a vested interest.

## SIXTH CAUSE OF ACTION

### (Common Law Unfair Competition)

67.    Condé Nast repeats and realleges each and every allegation of Paragraphs 1 through 66, above, as though fully set forth herein.

68.    Condé Nast invested substantial time and money in the development of the VOGUE mark.

69.    Defendant used the DOGUE mark to build its business and/or pass off its products and services as Condé Nast's or associated with Condé Nast without Condé Nast's authorization.

70.    Defendant passed off its goods and services offered under the DOGUE mark in a manner likely to cause confusion as to the source of Defendant's goods or services or as to Condé Nast's association or affiliation with, or sponsorship of, Defendant's goods or services.

71.    As a direct and proximate result of Defendant's wrongful acts, Condé Nast has suffered and continues to suffer and/or is likely to suffer damage to the VOGUE mark and to its business reputation and goodwill.  Defendant will continue, unless restrained, to pass off its business as Condé Nast's and to conduct its business and offer goods and services using the DOGUE mark and will cause irreparable damage to Condé Nast.  Condé Nast has no adequate remedy at law and is entitled to an injunction restraining Defendant and, as applicable, its officers, members, agents, servants, and employees, and all persons acting in concert with them, from engaging in further acts of unfair competition.

72.    Condé Nast is further entitled to recover from Defendant the actual damages Condé Nast has sustained, is sustaining, and/or is likely to sustain as a result of Defendant's wrongful acts.  Condé Nast is presently unable to ascertain the full

SMRH:4926-9711-0904

1    extent of the monetary damages they have suffered and/or are likely to sustain by

2    reason of Defendant's acts of unfair competition.

3        73.    Condé Nast is further entitled to recover from Defendant the gains,

4    profits, and advantages Defendant has obtained as a result of its wrongful acts.  Condé

5    Nast is presently unable to ascertain the extent of the gains, profits, and advantages

6    Defendant has realized by reason of its acts of unfair competition.

7        74.    As alleged above and according to proof of, *inter alia*, fraud and malice

8    Condé Nast will adduce at trial, Condé Nast is entitled to an award of punitive

9    damages pursuant to Cal. Civ. Code § 3294 in an amount to be proved at trial.

10                                   **<u>PRAYER FOR RELIEF</u>**

11        WHEREFORE, Condé Nast prays that this Court enter judgment against

12    Defendant as follows:

13        1.    Finding that Defendant has:  infringed the VOGUE Marks under 15

14    U.S.C. § 1114 and the common law; violated 15 U.S.C. § 1125(a); diluted the

15    VOGUE trademark under 15 U.S.C. § 1125(c); violated Cal. Bus. & Prof. Code §

16    17200 by engaging in unlawful business practices; and committed unfair competition

17    under the common law;

18        2.    Ordering that Defendant and, as applicable, its officers, agents, servants,

19    directors, employees, servants, partners, representatives, assigns, successors, related

20    companies, and attorneys and all persons in active concert or participation with

21    Defendant or with any of the foregoing be enjoined preliminarily during the pendency

22    of this action and permanently thereafter from:

23            a.    Manufacturing, transporting, promoting, importing, advertising,

24    publicizing, distributing, offering for sale, or selling any goods or services offered

25    under the VOGUE Marks, the DOGUE mark, or any other mark, name, symbol, or

26    logo, which is likely to cause confusion or to cause mistake or to deceive persons into

27    the erroneous belief that any goods or services that Defendant caused to enter the

28    stream of commerce or any of Defendant's commercial activities are sponsored or

-17-

1    licensed by Condé Nast, are authorized by Condé Nast, or are connected or affiliated

2    in some way with Condé Nast or the VOGUE mark;

3          b.    Manufacturing, transporting, promoting, importing, advertising,

4    publicizing, distributing, offering for sale, or selling any goods or services offered

5    under the VOGUE Marks, the DOGUE mark, or any other mark, name, symbol, or

6    logo that is a copy or colorable imitation of, incorporates, or is confusingly similar to

7    the VOGUE Marks;

8          (c)    Implying Condé Nast's approval, endorsement, or sponsorship of,

9    or affiliation or connection with, Defendant's goods, services, or commercial

10   activities, passing off Defendant's products as that of Condé Nast's, or engaging in

11   any act or series of acts which, either alone or in combination, constitutes unfair

12   methods of competition with Condé Nast and from otherwise interfering with or

13   injuring the VOGUE Marks or the goodwill associated therewith;

14         (d)    Engaging in any act which is likely to dilute the distinctive quality

15   of the VOGUE mark;

16         (e)    Representing or implying that Defendant is in any way sponsored

17   by, affiliated with, or licensed by Condé Nast; and

18         (f)    Knowingly assisting, inducing, aiding, or abetting any other

19   person or business entity in engaging in or performing any of the activities referred to

20   in Paragraphs 2(a) to (e) above;

21         3.    Ordering that Defendant be required to deliver to Condé Nast for

22   destruction any and all products, merchandise, digital files, packaging, printed

23   graphics, promotional materials, business cards, signs, labels, advertisements, flyers,

24   circulars, and any other items in any of its possession, custody, or control bearing the

25   VOGUE Marks, the DOGUE mark, or any other mark, name, symbol, or logo that is

26   a copy or colorable imitation of, incorporates, or is confusingly similar to the VOGUE

27   Marks;

28

SMRH:4926-9711-0904

4.     Ordering that Defendant be required to recall and deliver to Condé Nast for destruction any and all products from retailers or distributors to which it sold such products bearing the VOGUE Marks, the DOGUE mark, or any other mark, name, symbol, or logo that is a copy or colorable imitation of, incorporates, or is confusingly similar to the VOGUE Marks;

5.     Granting an award of damages suffered by Condé Nast according to proof at the time of trial;

6.     Ordering that Defendant account to Condé Nast for any and all profits earned as a result of Defendant's acts in violation of Condé Nast's rights under the Lanham Act and the common law;

7.     Granting an award of three times the amount of compensatory damages and increased profits pursuant to 15 U.S.C. § 1117;

8.     Ordering restitution of Defendant's profits earned from its unauthorized use of the VOGUE Marks, the DOGUE mark, or any other mark, name, symbol, or logo that is a copy or colorable imitation of, incorporates, or is confusingly similar to the VOGUE Marks, in which profits Condé Nast has a vested interest, pursuant to Cal. Bus. & Prof. Code § 17200, *et seq.*;

9.     Ordering the cancellation of the Application;

10.    Granting an award of punitive damages under the common law;

11.    For pre-judgment interest on any recovery by Condé Nast;

12.    Granting an award of Condé Nast's costs, expenses, and reasonable attorneys' fees; and

13.    Granting such other and further relief as is just and proper.

SMRH:4926-9711-0904

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

SHEPPARD MULLIN RICHTER & HAMPTON LLP

Dated:  December 5, 2025

By:    /s/Paul A. Bost

Wook Hwang (*pro hac vice* to be submitted)
Paul A. Bost

ATTORNEYS FOR PLAINTIFF
ADVANCE MAGAZINE PUBLISHERS
INC.

-20-